Yang v. Holder

BIA
Poczter, IJ
A201 295 507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of January, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

BIN YANG,
        *Petitioner,*

        v.                                    13-3463
                                              NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Jennifer L. Lightbody,
                       Senior Litigation Counsel; Todd J.
                       Cochran, Trial Attorney, Office of

Immigration Litigation, United
States Department of Justice,
Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Bin Yang, a native and citizen of China, seeks review of an August 26, 2013, decision of the BIA affirming the August 9, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Bin Yang*, No. A201 295 507 (B.I.A. Aug. 26, 2013), *aff'g* No. A201 295 507 (Immig. Ct. N.Y. City Aug. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Yang's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on the fact that Yang omitted from his asylum application that he was forced to perform "hard manual labor" during his three detentions because he included less important details about those detentions. *See id.* (providing that for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent"). The agency was not compelled to credit his explanation that he did not like to think about such things because his application detailed more disturbing incidents. *See Majidi*

3

*v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency also did not err in finding that Yang's statements at his credible fear interview were reliably transcribed and were inconsistent with his testimony regarding the number of times he was detained in China. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (holding that the agency may consider inconsistencies between credible fear interview and testimony, so long as interview is conducted in a non-coercive manner and accurately documented). The agency also reasonably found inconsistent a friend's letter that failed to mention Yang's alleged detentions and Yang's testimony that the friend knew of the harm he suffered in China, as well as Yang's government-issued baptism certificate and his claim that he feared persecution for practicing in an unregistered church. 8 U.S.C. § 1158(b)(1)(B)(iii). Yang did not provide compelling explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Having questioned Yang's credibility, the agency reasonably determined that his failure to provide

4

corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  Given the inconsistency and corroboration findings, the agency reasonably found Yang not credible. That finding is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk